**BRONX LEGAL SERVICES and Queens Legal Services Corp.,**
Plaintiffs–Appellants,

v.

**LEGAL SERVICES CORPORATION, Legal Services for New York City and Edouard R. Quatrevaux, Inspector General of the Legal Services Corporation, Defendants–Appellees.**

No. 02–9097.

United States Court of Appeals, Second Circuit.

May 22, 2003.

Robert M. Kelly, White & Case, LLP, New York, NY, for Appellants.

Stephen A. Wieder, Kronish, Lieb, Weiner & Hellman, LLP, (Alan Levine, on the brief), New York, NY, for Appellee Legal Services Corporation.

Carl Riehl, Debevoise & Plimpton, (John S. Kiernan, on the brief), New York, NY, for Appellee Legal Services for New York City.

Wendy H. Schwartz, Special Assistant United States Attorney, (James B. Comey, United States Attorney for the Southern

District of New York, Jeffrey S. Oestericher, Assistant United States Attorney, on the brief), New York, NY, for Appellee Leonard Koczur.

PRESENT: WALKER, Chief Judge, MINER, and MCLAUGHLIN, Circuit Judges.

## SUMMARY ORDER .

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the 22nd day of May, two thousand and three.

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be and it hereby is AFFIRMED.

Plaintiffs Bronx Legal Services and Queens Legal Services Corp. ("BLS/QLS") appeal from the district court's judgment entered August 19, 2002 granting summary judgment to defendants and dismissing plaintiffs' claims for declaratory judgment and injunctive relief. BLS/QLS argue that the district court erred because (1) Public Law No. 104–134, § 509(h), 110 Stat 1321 (1996) (" § 509(h)") does not require disclosure of client names when such disclosure might reveal client secrets, (2) § 509(h) is unconstitutional if it does

require such disclosure, and (3) Legal Services For New York City's ("LSNY") and the Legal Services Corporation's ("LSC") request for information was not "reasonable and necessary" as required by BLS/QLS's contracts with LSNY and thus BLS/QLS was not required to respond. We disagree.

We review a grant of summary judgment *de novo. Marvel Characters, Inc. v. Simon,* 310 F.3d 280, 285–86 (2d Cir.2002). Summary judgment is appropriate only if there are no genuine issues as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R.Civ.P. 56(c).

In this case, we find that summary judgment was appropriate because (1) providing client names would not present a conflict with New York State Codes, Rules and Regulations § 1200.19 and (2) under BLS/QLS's contracts with LSNY, BLS/QLS are obligated to provide the names.

As an initial matter, we address whether § 1200.19 applies because it is possible that our interpretation of the contract between BLS/QLS and LSNY would be influenced by a finding that the requested disclosure of client names would violate a disciplinary rule. In this case, however, there would be no violation.

Section 1200.19 bars attorneys from revealing client confidences or secrets except when, among other reasons, disclosure is "required by law or court order." 22 N.Y.C.R.R. § 1200.19(c)(2). In this case, BLS/QLS is required by law to provide the names. Section 509(h) requires that recipients of LSC funds provide "time records, retainer agreements, ... and client names ... except for reports or records subject to the attorney-client privilege." The pertinent regulation, which was in place when Congress passed § 509(h), requires that retainer agreements "clearly identify ...

the matter in which representation is sought [and] the nature of the legal services to be provided." 45 C.F.R. § 1611.8(a). Thus, when Congress passed § 509(h), requiring that grantees provide both "retainer agreements ... and client names," it "required by law" the disclosure of any client secrets that might be revealed if a client name were connected to information on the nature of the representation. Our conclusion is consistent with that reached by the D.C. Circuit in *United States v. Legal Services for New York City.* 249 F.3d 1077, 1083 (D.C.Cir.2001).

The contract between BLS/QLS and LSNY unambiguously requires that BLS/QLS provide LSNY "time records, retainer agreements, ... and client names." Contract For Provision of Legal Assistance § 3.2(c). The contract thus plainly requires that BLS/QLS provide their clients' names as well as the information contained in its attorney time records and retainer agreements, which generally include the nature of the legal issue for which representation is sought.

Finally, BLS/QLS argue that under Condition 10 of the contract, they are obligated to respond to only "reasonable and necessary" information requests. This claim is meritless because Condition 9, which requires that BLS/QLS provide "time records, retainer agreements ... and client names," expressly overrides Condition 10.

Because there are no genuine issues of fact concerning BLS/QLS's duties under the contract and because the contracts plainly demonstrate that defendants are entitled to judgment as a matter of law on BLS/QLS's claims, summary judgment is appropriate. We therefore need not consider either plaintiffs' constitutional claims, which in any event, we would find to be without merit, or the Inspector General's claim to sovereign immunity.

Accordingly, for the reasons set forth above, the judgment of the district court is hereby **AFFIRMED.**